UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DOUGLAS GROCH**<br>526 Sioux Trail<br>Rossford, OH 43460 | * Case No. 3:06-CV-1604 |
| | * Judge JAMES G. CARR |
| and | * **FIRST AMENDED COMPLAINT**<br>**WITH JURY DEMAND** |
| **CHLOE GROCH**, a minor by and through<br>her next friend Douglas Groch<br>526 Sioux Trail<br>Rossford, OH 43460 | * **ENDORSED HEREIN** |
| | * **Kevin J. Boissoneault (#0040180)**<br>**Bonnie E. Haims (#0072465)** |
| Plaintiffs, | * **Russell Gerney (#0080186)**<br>**GALLON, TAKACS, BOISSONEAULT** |
| v. | * **& SCHAFFER CO. L.P.A.**<br>PIattys@gallonlaw.com |
| | * 3516 Granite Circle<br>Toledo, OH 43617-1172 |
| **GENERAL MOTORS CORPORATION**<br>℅ Kimberly Donovan, Esq.<br>KERGER & ASSOCIATES<br>33 S. Michigan Street, Suite 100<br>Toledo, OH 43604 | * Phone: (419) 843-2001<br>Fax: (419) 841-2608 |
| | * Attorneys for Plaintiffs |
| | * |
| and | * |
| **KARD CORPORATION**<br>℅ Robert H. Eddy, Esq. and<br>Anna S. Fister, Esq.<br>GALLAGHER SHARP<br>420 Madison Avenue, Suite 1250<br>Toledo, OH 43604 | * |
| | * |
| | * |
| and | * |
| | * |

Case 3:06-cv-01604-JGC Document 1 Filed: 05/08/2006 Page 2 of 26

| | |
|---|---|
| **RACINE FEDERATED, INC.** | * |
| **National/Kard Division** | |
| ℅ Robert H. Eddy, Esq. and | * |
| Anna S. Fister, Esq. | |
| GALLAGHER SHARP | * |
| 420 Madison Avenue, Suite 1250 | |
| Toledo, OH 43604 | * |
| | |
| and | * |
| **JOHN DOES NUMBER ONE** | |
| **THROUGH THREE** | * |
| Whose present names and addresses are | |
| unknown at this time | * |

Now come Plaintiffs, by and through counsel Kevin J. Boissoneault, Esq., Bonnie E. Haims, Esq., Russell W. Gerney, Esq., and Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A. and for their Complaint state and avers as follows:

## GENERAL ALLEGATIONS

1.  At all relevant times, Plaintiff Douglas Groch was a resident of Rossford, Wood County Ohio, and was an employee of Defendant General Motors and/or John Doe Number One.

2.  At all relevant times, Chloe Groch, a minor by and through her father and next friend Douglas Groch, resided in Rossford, Wood County, Ohio.

3.  At all relevant times, Defendant General Motors Corporation ("General Motors") and/or John Doe Number One is a Delaware corporation, duly licensed and doing business in the State of Ohio, at the Powertrain Plant on West Alexis Road in Toledo, Lucas County, Ohio. Any reference to Defendant General Motors and/or John Doe Number One will include reference to its owners, agents, servants, and employees who at all pertinent times were acting within the course and scope of their employment and/or agency with Defendant General Motors and/or John Doe Number One. Said

Defendant was also a self-insured Employer for Ohio Workers' Compensation purposes.

4. At all times material hereto, Defendant Kard Corporation and/or John Doe Number Two was a corporation, duly authorized and licensed to do business in the State of Ohio and designed and/or manufactured and/or marketed and/or supplied and/or distributed and/or sold for use in the State of Ohio the trim press at issue in this case and its component parts. Any reference to Defendant Kard Corporation and/or John Doe Number Two will include references to its owners, agents, servants, and employees who, at all pertinent times thereto, were acting within the course and scope of their employment and/or agency with Defendant.

5. At all times material hereto, Defendant Racine Federated, Inc., National/Kard divisions, (hereafter "Racine") and/or John Doe Number Three was a corporation, duly authorized and licensed to do business in the State of Ohio and assumed the liabilities of Kard Corporation and/or John Doe Number Two and/or designed and/or manufactured and/or marketed and/or supplied and/or distributed and/or sold for use in the State of Ohio the Kard hydraulic trim press at issue in this case and its component parts. Any reference to Defendant Racine and/or John Doe Number Three will include references to its owners, agents, servants, and employees who, at all pertinent times thereto, were acting within the course and scope of their employment and/or agency with Defendant.

6. At all times material hereto, Defendant John Does Numbers One through Three, whose present names and addresses remain unknown despite Plaintiffs' best and

3

reasonable efforts to ascertain same, were corporations and/or other legal entities that conducted business in Toledo, Lucas County, Ohio.

7. At all relevant times, pursuant to Ohio Revised Code Sections 4123.93 and 4123.931, Defendant General Motors claims a right of subrogation as a self-insured statutory subrogee in the within action.

8. On or about March 3, 2005, Plaintiff Douglas Groch was acting in the course and scope of his employment with Defendant General Motors Co. and/or John Doe Number One.

9. On or about March 3, 2005, Plaintiff Douglas Groch was seriously injured while operating a trim press machine when, despite the alleged safety features, the trim die on the press came down on his right forearm and wrist.

## COUNT ONE

10. Plaintiffs incorporate by reference the allegations and averments of paragraphs one through nine inclusive as if set forth in full.

11. The subject trim press was at all relevant times owned by and/or under the control of Defendant General Motors Co. and/or John Doe Number One.

12. On or about March 3, 2005, Defendant General Motors Co. and/or John Doe Number One, and/or their agents, and/or their servants, and/or their employees intentionally, purposefully, knowingly, and with substantial certainty that they would cause severe injury to Plaintiff or others similarly situated, did the following acts, including but not limited to:

a. Knowingly required Plaintiff Douglas Groch to operate the subject trim press machine which was not equipped with proper safety devices to prevent the press from coming down on his arm and wrist;

b. Knowingly failed to properly install, replace, repair, or inspect safety devices designed to prevent the trim press machine from causing severe injury;

c. Knowingly and improperly programmed the safety controls of the machine guarding system designed to prevent the trim press machine from causing severe injury;

d. Knowingly failed to warn employees, including Plaintiff Douglas Groch, that the aforementioned trim press machine exposed them to danger of serious injuries, despite knowing the tendency of the machine to malfunction;

e. Knowing failed to remove or eliminate an unreasonably dangerous process and/or procedure and/or defective condition in the press, despite knowing the certainty of the trim press machine to injure its employees;

f. Knowingly operating the subject trim press machine without proper safety equipment in violation of government and/or industry safety regulations and standards;

g. Knowingly required Plaintiff Douglas Groch to work as set forth herein above despite knowing the danger of serious injuries to operators of the subject trim press machine was substantially certain to occur under the circumstances as set forth herein above;

5

      h.    Knowingly failed to train and/or adequately train Plaintiff Douglas Groch regarding safe ways to operate and work with the subject trim press machine; and,

      i.    Knowingly ignored several malfunctions of the machine that occurred on the same day as the injury to Plaintiff, exposing Plaintiff Douglas Groch and other operators to a risk of serious bodily harm attendant to circumstances as described herein.

13. All of the foregoing actions and inactions on the part of Defendant General Motors Co. and/or John Doe Number One demonstrate, at a minimum, their knowledge of a dangerous process, procedure and condition with inadequately equipped trim press machines, inadequate safety training, and knowledge of the dangerous condition of the subject trim press machine.

14. All of the foregoing demonstrates Defendant General Motors Co. and/or John Doe Number One's knowledge, at a minimum, that serious injury was substantially certain to occur as the subject trim press machine was inadequately equipped to protect any operators and Plaintiff Douglas Groch was told to operate the trim press machine by his employer, General Motors Co. and/or John Doe Number One.

15. Finally, at a minimum, Defendant General Motors Co. and/or John Doe Number One required Plaintiff Douglas Groch to be exposed to all of the foregoing as part of his employment at the time of the subject incident.

16. The intentional and purposeful acts of Defendant General Motors Co. and/or John Doe Number One directly and proximately caused Plaintiff Douglas Groch to sustain injuries and damages, including, but not limited to, the following:

a. Severe and permanent injuries, scarring, and disfigurement to his arm and leg;

b. Medical expenses, past and future;

c. Pain and suffering, past and future;

d. Loss of earnings and earning capacity, past and future; and,

e. Disruption of lifestyle and enjoyment of life.

## COUNT TWO

17. Plaintiffs incorporate by reference the allegations and averments of paragraphs one through sixteen inclusive as if set forth in full.

18. Defendant Kard Corporation and/or John Doe Number Two owed a duty to Plaintiff and others similarly situated to provide a product reasonably safe for all reasonable, foreseeable and intended uses of the product.

19. Defendant Kard Corporation and/or John Doe Number Two failed to provide the trim press and its component parts at issue in this case in a reasonably safe condition for all reasonable, foreseeable, and intended uses in one or more of the following respects:

a. Defectively designing the trim press and/or its component parts in an unreasonably unsafe manner;

b. Defectively manufacturing the trim press and/or its component parts in an unreasonably unsafe manner;

c. Failing to adequately warn and/or instruct Plaintiff or others similarly situated of the hazards, risks, and dangers Plaintiff faced when the trim press and/or its component parts is/are used;

7

      d.     Breaching express and implied warranties made to Plaintiff or others similarly situated regarding the trim press and/or its component parts;

      e.     Failing to instruct and/or warn users regarding the proper use of the trim press and/or its component parts;

      f.     Defectively designing the trim press and/or its component parts without proper safety features;

      g.     Defectively manufacturing the trim press and/or its component parts without proper safety features; and,

20.    As a direct and proximate result of Defendant Kard Corporation and/or John Doe Number Two's failure as set forth above, Douglas Groch sustained severe, permanent and disabling injuries including, but not limited to, the following:

      a.     Severe and permanent injuries, scarring, and disfigurement to his arm and leg;

      b.     Medical expenses, past and future;

      c.     Pain and suffering, past and future;

      d.     Loss of earnings and earning capacity, past and future; and,

      e.     Disruption of lifestyle and enjoyment of life.

21.    Pursuant to Ohio Revised Code § 2307.71, et seq., and Ohio common law, Defendant Kard Corporation and/or John Doe Number Two are strictly liable to Plaintiffs for the injuries and losses they suffered.

22.    Defendant Kard Corporation and/or John Doe Number Two's action in providing a unreasonably dangerous trim press and its component parts directly and proximately caused Plaintiff Douglas Groch's injuries during his use and under facts and circumstances that were foreseeable to Defendant Kard Corporation of the trim press.

**COUNT THREE**

23. Plaintiffs incorporate by reference the allegations and averments of paragraphs one through twe4nty-two inclusive as if set forth in full.

24. Defendant Kard Corporation and/or John Doe Number Two owed a duty to Plaintiff and others similarly situated to provide a product reasonably safe for all reasonable, foreseeable and intended uses of the product.

25. Defendant Kard Corporation and/or John Doe Number Two breached that duty when t they failed to provide a trim press and/or its component parts at issue in this case in a reasonably safe condition for all reasonable, foreseeable, and intended uses in one or more of the following respects:

   a. Negligently designing the trim press and/or its component parts at issue in this case in an unreasonably unsafe manner;

   b. Negligently manufacturing the trim press and/or its component parts at issue in this case in an unreasonably unsafe manner;

   c. Negligently failing to adequately warn and/or instruct Plaintiff or others similarly situated of the hazards, risks, and dangers Plaintiff faced when using the subject trim press and/or its component parts; and/or

   d. Negligently breaching express and implied warranties made to Plaintiff or others similarly situated regarding the trim press and/or its component parts at issue in this case.

9

26. As a direct and proximate result of Defendant Kard Corporation and/or John Doe Number Two's breach as set forth above, Plaintiff Douglas Groch sustained severe, permanent and disabling injuries including, but not limited to,

   a. Severe and permanent injuries, scarring, and disfigurement to his arm and leg;

   b. Medical expenses, past and future;

   c. Pain and suffering, past and future;

   d. Loss of earnings and earning capacity, past and future; and,

   e. Disruption of lifestyle and enjoyment of life.

27. Defendant Kard Corporation and/or John Doe Number Two's action in providing a unreasonably dangerous trim press and its component parts directly and proximately caused Plaintiff Douglas Groch's injuries during his use and under facts and circumstances that were foreseeable to Defendant Kard Corporation of the trim press.

## COUNT FOUR

28. Plaintiffs incorporate by reference the allegations and averments of paragraphs one through twenty-seven inclusive as if set forth in full.

29. Defendant Racine and/or John Doe Number Three owed a duty to Plaintiff and others similarly situated to provide a product reasonably safe for all reasonable, foreseeable and intended uses of the product.

30. Defendant Racine and/or John Doe Number Three failed to provide the trim press and its component parts at issue in this case in a reasonably safe condition for all reasonable, foreseeable, and intended uses in one or more of the following respects:

10

  a. Defectively designing the trim press and/or its component parts in an unreasonably unsafe manner;

  b. Defectively manufacturing the trim press and/or its component parts in an unreasonably unsafe manner;

  c. Failing to adequately warn and/or instruct Plaintiff or others similarly situated of the hazards, risks, and dangers Plaintiff faced when the trim press and/or its component parts is/are used;

  d. Breaching express and implied warranties made to Plaintiff or others similarly situated regarding the trim press and/or its component parts;

  e. Failing to instruct and/or warn users regarding the proper use of the trim press and/or its component parts;

  f. Defectively designing the trim press and/or its component parts without proper safety features;

  g. Defectively manufacturing the trim press and/or its component parts without proper safety features; and,

31. As a direct and proximate result of Defendant Racine and/or John Doe Number Three's failure as set forth above, Douglas Groch sustained severe, permanent and disabling injuries including, but not limited to, the following:

  a. Severe and permanent injuries, scarring, and disfigurement to his arm and leg;

  b. Medical expenses, past and future;

  c. Pain and suffering, past and future;

  d. Loss of earnings and earning capacity, past and future; and,

    e.    Disruption of lifestyle and enjoyment of life.

32. Pursuant to Ohio Revised Code § 2307.71, et seq., and Ohio common law, Defendant Racine and/or John Doe Number Three are strictly liable to Plaintiffs for the injuries and losses they suffered.

33. Defendant Racine and/or John Doe Number Three's action in providing an unreasonably dangerous trim press and its component parts directly and proximately caused Plaintiff Douglas Groch's injuries during his use and under facts and circumstances that were foreseeable to Defendant Racine and/or John Doe Number Three of the trim press.

## **COUNT FIVE**

34. Plaintiffs incorporate by reference the allegations and averments of paragraphs one through thirty-three inclusive as if set forth in full.

35. Defendant Racine and/or John Doe Number Three owed a duty to Plaintiff Groch and others similarly situated to provide a product reasonably safe for all reasonable, foreseeable and intended uses of the product.

36. Defendant Racine and/or John Doe Number Three breached that duty when they failed to provide a trim press and/or its component parts at issue in this case in a reasonably safe condition for all reasonable, foreseeable, and intended uses in one or more of the following respects:

    a.    Negligently designing the trim press and/or its component parts at issue in this case in an unreasonably unsafe manner;

      b.    Negligently manufacturing the trim press and/or its component parts at issue in this case in an unreasonably unsafe manner;

      c.    Negligently failing to adequately warn and/or instruct Plaintiff or others similarly situated of the hazards, risks, and dangers Plaintiff faced when using the subject trim press and/or its component parts; and/or

      d.    Negligently breaching express and implied warranties made to Plaintiff or others similarly situated regarding the trim press and/or its component parts at issue in this case.

37. As a direct and proximate result of Defendant Racine and/or John Doe Number Three's breach as set forth above, Plaintiff Douglas Groch sustained severe, permanent and disabling injuries including, but not limited to,

      a.    Severe and permanent injuries, scarring, and disfigurement to his arm and leg;

      b.    Medical expenses, past and future;

      c.    Pain and suffering, past and future;

      d.    Loss of earnings and earning capacity, past and future; and,

      e.    Disruption of lifestyle and enjoyment of life.

38. Defendant Racine and/or John Doe Number Three's action in providing a unreasonably dangerous trim press and its component parts directly and proximately caused Plaintiff Douglas Groch's injuries during his use and under facts and circumstances that were foreseeable to Defendant Racine of the trim press.

Case 3:06-cv-01604-JGC Document 24 Filed: 05/16/2006. PageID #: 136

## COUNT SIX

39. Plaintiffs incorporate by reference the allegations and averments of paragraphs one through thirty-eight inclusive as if set forth in full.

40. At all relevant times, Plaintiff Chloe Groch was the daughter of Plaintiff Douglas Groch.

41. As a direct and proximate result of Defendants' actions or inactions, Plaintiff Chloe Groch sustained a loss of consortium of her father, Douglas Groch.

## COUNT SEVEN

42. Plaintiffs incorporate by reference the allegations and averments of paragraphs one through forty-one inclusive as if set forth in full.

43. To the extent that Ohio Revised Code Sections 4123.93 and 4123.931 and its provisions apply to this cause of action, said provisions are unconstitutional in whole and/or in part.

## COUNT EIGHT

44. Plaintiffs incorporate by reference the allegations and averments of paragraphs one through forty-three inclusive as if set forth in full.

45. On all relevant dates, Ohio Revised Code Section 2305.10 (O.R.C. § 2305.10) provided for a statute of repose in products liability cases.

46. O.R.C. § 2305.10 was amended by Senate Bill 80 (S.B. 80) which was passed by the 125th General Assembly and signed by the Governor on January 6, 2005.

47. To the extent that the provisions contained within O.R.C. § 2305.10 as amended by S.B. 80, apply to this action the statute violates the constitution of the State of Ohio.

WHEREFORE, Plaintiffs respectfully pray for judgment on the above mentioned Counts against Defendant General Motors Co., Kard Corporation, Racine, and/or John Does Number One through Three for an award of damages in any sum of money in excess of Twenty-Five Thousand Dollars ($25,000.00), adequate to compensate Plaintiffs for their damages, plus costs and expenses incurred herein, prejudgment interest at the highest statutory rate allowed by law from the date the Plaintiffs' cause of action accrued, court costs, and such other relief as the Court deems just and equitable.

WHEREFORE, Plaintiffs further pray for a declaration that Ohio Revised Code Sections 4123.93, 4123.931 and 2305.10 are unconstitutional in whole and/or pertinent part and are unenforceable.

Respectfully submitted

GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO. L.P.A.


/s/ Kevin J. Boissoneault
      Kevin J. Boissoneault
      Bonnie E. Haims
      Russell Gerney

## JURY DEMAND

Plaintiffs herein demand a trial by jury on all issues so triable in this action.

>Respectfully submitted
>
>GALLON, TAKACS, BOISSONEAULT
>& SCHAFFER CO. L.P.A.
>
>
>/s/ Kevin J. Boissoneault
>>Kevin J. Boissoneault
>>Bonnie E. Haims
>>Russell Gerney