**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS GROCH, et al., | : | Case No. 3:06-CV-1604 |
| Plaintiffs, | : | |
| vs. | : | Judge JAMES G. CARR |
| GENERAL MOTORS CORPORATION, et al., | : | |
| Defendants. | : | |

**ORDER**

There are issues of Ohio law that may be determinative of the present case and for which there is no controlling precedent in the decisions of the Supreme Court of Ohio. Therefore, this Court finds it appropriate to certify questions of Ohio law to the Supreme Court of Ohio.

**A.     NAME OF THE CASE AND NAMES OF ALL PARTIES**

The name of this case is *Douglas Groch, et al. v. General Motors Corporation, et al.* case number 3:06-CV-1604. The parties in this case are: Plaintiffs Douglas Groch and Chloe Groch versus Defendants General Motors Corporation, Kard Corporation and

7

Racine Federated, Inc.  The Attorney General of Ohio is a party for purposes of defending the constitutionality of the Ohio statutes at issue.

**B.      BRIEF STATEMENT OF FACTS**

The Amended Complaint alleges the following: Plaintiff Douglas Groch ("Groch") was injured on March 3, 2005 when the trim press he was operating came down on his right arm and wrist.  At the time of his injury Plaintiff Douglas Groch was acting in the course and scope of his employment with Defendant General Motors Corporation.  The trim press that he was using was manufactured by Defendants Kard Corporation and Racine Federated, Inc.

Groch bought an action in the Court of Common Pleas, Lucas County, Ohio seeking damages from Defendant General Motors Corporation ("GM") based on a theory of employer intentional tort and from Defendants Kard Corporation and Racine Federated, Inc. (respectively, "Kard" and "Racine") based on a theory of product liability. Plaintiff Chloe Groch ("Chloe") sought damages for loss of consortium.

The action was removed to federal court by GM.  Federal jurisdiction is based on 28 U.S.C. 1332 because there is diversity between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.00.

GM has asserted a subrogation interest in Groch's recovery for its payment to him of workers' compensation benefits. Groch asserts that the Ohio statutes granting GM subrogation interests—R.C. 4123.93 and R.C. 4123.931—are unconstitutional.  To fully adjudicate this matter and determine the rights and liabilities of each party, this Court needs a determination by the Ohio Supreme Court regarding the constitutionality of the statutes under the Ohio Constitution. The Supreme Court of Ohio has not yet had

8

opportunity to issue a decision on the constitutionality of R.C. 4123.93 and R.C. 4123.931, passed as Senate Bill 227 and made effective in April 2003. Therefore, this Court certifies questions 1 through 3 to the Supreme Court of Ohio.

Kard and Racine assert that they are immune from liability based on the statute of repose for products liability claims provided at R.C. 2305.10.  To fully adjudicate this matter and fully determine the rights and liabilities of each party, this Court needs a determination by the Ohio Supreme Court regarding the constitutionality of the statutes under the Ohio Constitution. The Supreme Court of Ohio has not yet had opportunity to issue a decision on the constitutionality of R.C. 2305.10, passed as Senate Bill 80, and made effective in April, 2005.  Therefore this Court certifies questions 10 through 14 to the Supreme Court of Ohio.

**C.      THE CERTIFIED QUESTIONS**

1. Do the statutes allowing subrogation for workers' compensation benefits, R.C. 4123.93 and 4123.931, violate the takings clause, Article I, Section 19, of the Ohio constitution?

2. Do R.C. 4123.93 and 4123.931 violate the due process and remedies clause, Article I, Section 16, of the Ohio constitution?

3. Do R.C. 4123.93 and 4123.931 violate the equal protection clause, Article I, Section 2 of the Ohio constitution?

10. Do R.C. 2305.10(C) and (F) violate the open courts provision of the Ohio Constitution, Article I Section 16?

11. Do R.C. 2305.10(C) and (F) violate the takings clause, Article I, Section 19, of the Ohio constitution?

12. Do R.C. 2305.10(C) and (F) violate the due process and remedies clause, Article I, Section 16, of the Ohio constitution?

13. Do R.C. 2305.10(C) and (F) violate the equal protection clause, Article I, Section 2, of the Ohio constitution?

14. Do R.C. 2305.10 (C) and (F) violate the ban on retroactive laws, Article II, Section 28 of the Ohio constitution?

### D. COUNSEL FOR THE PARTIES

Counsel for each party is provided below:

Kevin J. Boissoneault
Bonnie E. Haims
Russell Gerney
GALLON, TAKACS, BOISSONEAULT & SCHAFFER CO. L.P.A.
3516 Granite Circle
Toledo, OH 43617-1172
(419) 843-2001
*Counsel for Plaintiffs*

JIM PETRO
Ohio Attorney General

Elise Porter
Assistant Attorney General
Workers Compensation Section
150 E. Gay Street, 22nd Floor
Columbus, OH 43215
(614) 466-6730
*Counsel for Attorney General of the State of Ohio*

Kimberly Donovan
KERGER & ASSOCIATES
33 S. Michigan Street, Suite 100
Toledo, OH 43604
*local Counsel for General Motors Corporation*

Patrick N. Fanning
David C. Vogel
Dan E. Cranshaw
LATHROP & GAGE L.C.
2345 Grand Boulevard Suite 2800
Kansas City, MO 64108-2684
(816) 292-2000
*Counsel for General Motors Corporation*

Robert H. Eddy
Anna S. Fister
GALLAGHER SHARP

420 Madison Avenue, Suite 1250
Toledo, OH 43604
(419) 241-4860
*Counsel for Kard Corporation and*
*Racine Federated, Inc. National/Kard Division*

**E. MOVING PARTY**

    The Plaintiff Douglas Groch is designated as the moving party.

                                     s/ James G. Carr
                                     Hon. James G. Carr

11