**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DOUGLAS GROCH and ) <br> CHLOE GROCH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> GENERAL MOTORS CORPORATION ) <br> and KARD CORPORATION and ) <br> RACINE FEDERATED INC. and ) <br> JOHN DOES #1 THROUGH #3, ) <br> ) <br> Defendants. ) | Case No. 3:06-CV-1604 <br><br> Judge JAMES G. CARR <br><br> **GENERAL MOTORS <br> CORPORATION'S ANSWER <br> TO PLAINTIFFS' SECOND <br> AMENDED COMPLAINT** |

General Motors Corporation ("GM"), for its Answer to plaintiffs' Second Amended Complaint, answers, alleges and states as follows:

## GENERAL ALLEGATIONS

1. Answering paragraph 1, GM admits on information and belief that plaintiff Douglas Groch is an Ohio resident and GM employee. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 and therefore denies the same.

2. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies the same.

3. Answering paragraph 3, GM admits it is a Delaware corporation authorized to transact business within the state of Ohio. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 and therefore denies the same.

4. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies the same.

5. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies the same.

6. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies the same.

7. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies the same.

8. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies the same.

9. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies the same.

## COUNT ONE

10. Answering paragraph 10, GM adopts and incorporates its answers to paragraphs 1 through 9 of plaintiffs' Complaint set forth above.

11. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies the same.

12. GM denies the allegations contained in paragraph 12 and its subparagraphs a through i.

13. GM denies the allegations contained in paragraph 13.

14. GM denies the allegations contained in paragraph 14.

15. GM denies the allegations contained in paragraph 15.

16. GM denies the allegations contained in paragraph 16 and its subparagraphs a through e.

## **COUNT TWO**

17. GM adopts and incorporates its answers to paragraphs 1 through 16 of plaintiffs' Complaint set forth above.

18. Answering paragraph 18, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Two and therefore no answer is necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 18, those allegations are denied.

19. Answering paragraph 19 and subparts a through g, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Two and therefore no answer is necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 19 and its subparagraphs a through g, those allegations are denied.

20. Answering paragraph 20 and its subparagraphs a through e, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Two and therefore no answer is necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 20 and its subparagraphs a through e, those allegations are denied.

21. Answering paragraph 21, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Two and therefore no answer is necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 21, those allegations are denied.

22. Answering paragraph 22, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Two and therefore no answer is

necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 22, those allegations are denied.

## COUNT THREE

23. Answering paragraph 23, GM adopts and incorporates its answers to paragraphs 1 through 22 of plaintiffs' Complaint set forth above.

24. Answering paragraph 24, GM states that plaintiff has not made factual allegations or legal conclusions against GM in Count Three and therefore no answer is necessary from GM. To the extent plaintiffs seek to make allegations against GM in paragraph 24, those allegations are denied.

25. Answering paragraph 25 and its subparagraphs a through d, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Three and therefore no answer is necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 25 and its subparagraphs a through d, those allegations are denied.

26. Answering paragraph 26 and subparts a through e, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Three and therefore no answer is necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 26 and its subparagraphs a through e, those allegations are denied.

27. Answering paragraph 27, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Three and therefore no answer is necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 27, those allegations are denied.

## COUNT FOUR

28.     Answering paragraph 28, GM adopts and incorporates its answers to paragraphs 1 through 27 of plaintiffs' Complaint set forth above.

29.     Answering paragraph 29, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Four and therefore no answer is necessary from GM.  To the extent plaintiffs seek to assert allegations against GM in paragraph 29, those allegations are denied.

30.     Answering paragraph 30 and its subparagraphs a through g, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Four and therefore no answer is necessary from GM.  To the extent plaintiffs seek to assert allegations against GM in paragraph 30 and its subparagraphs a through g, those allegations are denied.

31.     Answering paragraph 31 and its subparagraphs a through e, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Four and therefore no answer is necessary from GM.  To the extent plaintiffs seek to assert allegations against GM in paragraph 31 and its subparagraphs a through e, those allegations are denied.

32.     Answering paragraph 32, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Four and therefore no answer is necessary from GM.  To the extent plaintiffs seek to assert allegations against GM in paragraph 32, those allegations are denied.

33.     Answering paragraph 33, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Four and therefore no answer is

necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 33, those allegations are denied.

## COUNT FIVE

34.     Answering paragraph 34, GM adopts and incorporates its answers to paragraphs 1 through 33 of plaintiffs' Complaint set forth above.

35.     Answering paragraph 35, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Five and therefore no answer is necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 35, those allegations are denied.

36.     Answering paragraph 36 and its subparagraphs a through d, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Five and therefore no answer is necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 36 and its subparagraphs a through d, those allegations are denied.

37.     Answering paragraph 37 and its subparagraphs a through e, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Five and therefore no answer is necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 37 and its subparagraphs a through e, those allegations are denied.

38.     Answering paragraph 38, GM states that plaintiffs have not made factual allegations or legal conclusions against GM in Count Five and therefore no answer is necessary from GM. To the extent plaintiffs seek to assert allegations against GM in paragraph 38, those allegations are denied.

## COUNT SIX

39. Answering paragraph 39, GM adopts and incorporates its answers to paragraphs 1 through 38 set forth above.

40. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies the same.

41. GM denies the allegations contained in paragraph 41.

## COUNT SEVEN

42. Answering paragraph 42, GM adopts and incorporates its answers to paragraphs 1 through 41 of the Complaint set forth above.

43. GM denies the allegations contained in paragraph 43.

## COUNT EIGHT

44. Answering paragraph 44, GM adopts and incorporates its answers to paragraphs 1 through 43 of the Complaint set forth above.

45. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and therefore denies the same.

46. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies the same.

47. GM denies the allegations contained in paragraph 47.

Answering the WHEREFORE clause of plaintiffs' Complaint, GM denies that plaintiffs are entitled to any of the relief requested therein.

## AFFIRMATIVE AND OTHER DEFENSES

48. Further answering plaintiffs' Complaint, plaintiffs fail to state a claim upon which relief may be granted.

49. Further answering plaintiffs' Complaint, plaintiffs fail to state a claim upon which relief may be granted against GM because plaintiffs' cause of action is

subject to the prohibitions and the exclusive remedies set forth in Ohio's worker's compensation laws.

50.     Further answering plaintiffs' Complaint, plaintiffs fail to state a claim upon which relief may be granted against GM because plaintiffs' claims fall within the exclusive jurisdiction of Ohio's worker's compensation laws and tribunals.

51.     Further answering plaintiffs' Complaint, plaintiffs fail to state a claim upon which relief may be granted because GM has not committed an intentional tort against plaintiffs.

52.     Further answering plaintiffs' Complaint, plaintiffs fail to state a claim upon which relief may be granted because plaintiffs' alleged injury was not caused by a dangerous condition or instrumentality within GM's facility.

53.     Further answering plaintiffs' Complaint, plaintiffs fail to state a claim upon which relief may be granted because plaintiffs cannot establish that GM assigned a work task to plaintiffs with knowledge that an injury was substantially certain to occur.

54.     Further answering plaintiffs' Complaint, plaintiffs fail to state a claim upon which relief may be granted because plaintiff cannot establish that GM specifically intended to injure plaintiff or that GM required plaintiff to work under dangerous conditions.

55.     Further answering plaintiffs' Complaint, plaintiffs fail to state a claim upon which relief may be granted against GM because plaintiffs' claim may arise from the alleged negligence of a borrowed servant under Ohio law.  Plaintiffs' claim is therefore preempted by Ohio's worker's compensation laws.

56. Further answering plaintiffs' Complaint, plaintiffs' cause of action is barred by the doctrines of collateral estoppel and *res judicata* if plaintiffs have pursued a worker's compensation claim against GM.

57. Further answering plaintiffs' Complaint, plaintiffs' cause of action is barred by the applicable statute of limitations.

58. Further answering plaintiffs' Complaint, plaintiffs' cause of action is barred by plaintiffs' assumption of risk, contributory fault and/or comparative fault in causing his alleged injury.

59. Further answering plaintiffs' Complaint, plaintiffs fail to state a claim upon which relief may be granted because plaintiff Douglas Groch's alleged injury was caused by an open and obvious condition.

60. Further answering plaintiffs' Complaint, if plaintiff Douglas Groch was injured and damaged as alleged in his pleading (which GM denies), plaintiffs' alleged injuries were directly caused or contributed to by plaintiff Douglas Groch's own carelessness, negligence and fault and not through the fault of GM.

61. Further answering plaintiffs' Complaint, if plaintiffs were injured and damaged as alleged in their pleading (which GM denies), GM's negligence or fault should be compared to that of plaintiff Douglas Groch, other defendants and third-parties, and plaintiffs' recovery against GM, if any, should be diminished to the extent of the contributory or comparative negligence or fault of plaintiff Douglas Groch or other persons or entities.

62. Further answering plaintiffs' Complaint, plaintiffs' recovery, if any, is limited and diminished by amounts already recovered by plaintiffs in a claim against GM for worker's compensation benefits and, in accordance with Ohio Revised Code sections

9

4123.93 and 4123.931, GM has a right as a statutory subrogee to all amounts recovered by plaintiffs from third parties as a result of plaintiffs' alleged injuries.

63. Further answering plaintiffs' Complaint, plaintiffs fail to state a claim upon which relief may be granted for loss of consortium because plaintiff Chloe Groch cannot establish that she has been harmed as a result of GM's alleged conduct.

64. Further answering plaintiffs' Complaint, plaintiffs fail to state a claim upon which relief may be granted for loss of consortium because plaintiff Chloe Groch's derivative claim, if any, cannot be brought against GM under Ohio law or the Ohio worker's compensation code.

65. Further answering plaintiffs' Complaint, plaintiffs fail to include all necessary parties, or all parties needed for just adjudication.

66. Further answering plaintiffs' Complaint, GM states that the acts or omissions of individuals or entities other than itself intervened between any alleged act or omission on GM's part, thus, breaking the chain of the alleged causation, and negating the alleged liability on the part of GM, based upon the doctrine of intervening and superseding cause.

67. Further answering plaintiffs' Complaint, plaintiff Douglas Groch knew of and appreciated the risks, hazards, and/or variability involved in the work about which complaint is made, and any damages claimed were caused by or arose out of such risks, hazards, and/or variability.

68. Further answering plaintiffs' Complaint, plaintiffs have failed to minimize and/or mitigate any injuries or damages claimed to have been sustained.

69. Further answering plaintiffs' Complaint, what, if any, injuries and/or damages sustained by plaintiffs was caused or contributed to by the independent,

intervening, and/or superseding acts or omissions of persons or parties other than GM and for which GM is not liable.

70. Further answering plaintiffs' Complaint, plaintiffs' right to recovery, if any, is limited by and to the provisions set forth in the Ohio Revised Code, including, but not limited to, the limitations on damages, and all applicable additional defenses and limitations provided for in the so-called "tort reform" statues enacted in the State of Ohio.

71. Further answering plaintiffs' Complaint, GM reserves the right to add additional affirmative defenses should the investigation and discovery of this action demonstrate a need.

WHEREFORE, GM requests that this Court enter judgment in its favor on plaintiffs' Complaint, for its costs, expenses and for such other and further relief as is just and proper under the circumstances.

Dated:  January 25, 2007                                  Respectfully submitted,

/s/ Kimberly Conklin
Kimberly Conklin  (0074726)
KERGER & ASSOCIATES
33 S. Michigan Street, Suite 100
Toledo, Ohio  43604
Telephone:  (419) 255-5990
Telecopier:  (419) 255-5997

*Of Counsel:*

David C. Vogel
Patrick N. Fanning
LATHROP & GAGE L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2684
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION

## **CERTIFICATE OF SERVICE**

   This is to certify that a copy of the foregoing has been electronically filed this 25th day of January, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's System.

      /s/   Kimberly A. Conklin